UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL MCGORE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE, et al.,<br><br>　　　　　　　　Defendants. | Case No. 26-10074<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**

**I.    Introduction**

Plaintiff Darryl McGore, a Michigan prisoner proceeding without counsel, filed a complaint pursuant to 42 U.S.C. § 1983. McGore names three Michigan Department of Corrections employees as defendants, alleging they permitted an individual to steal one of his books, valued at $ 225.00. He seeks reimbursement for the book's value, as well as punitive and nominal damages.[1] McGore did not pay the required filing and administrative fees for this case when he filed his complaint. Instead, he

---

[1] McGore asks for punitive damages of "15 packs of dark chocolate cookies and 21 BBQ Chips from the…vend[o]r machine." ECF No. 1, PageID.8. He also seeks the following nominal damages: "8 bags of cheese Doritos 1 ear bud set and 1 used footlocker…or a radio or large boom box radio…" *Id*.

submitted a prison trust fund account statement, which the Court construes as a request to proceed without prepayment of fees or costs.

Upon review of the complaint and McGore's litigation history in the federal courts, the Court concludes that the complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## II. Discussion

The Court may authorize commencement of an action without prepayment of the filing fee and costs if a plaintiff demonstrates he cannot pay such fees, 28 U.S.C. § 1915(a)(1), subject to the Prison Litigation Reform Act's (PLRA) three-strikes rule. 28 U.S.C. § 1915(g). Under the three-strikes rule, a prisoner may not proceed *in forma pauperis* where, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous, malicious, or failed to state a claim for which relief may be granted unless the prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) ("To be eligible for the exception [to the three-strikes rule], the prisoner must plausibly allege such a danger."); *see also Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("In order to allege sufficiently imminent danger, we have held that 'the threat ... must be real and proximate and the danger

of serious physical injury must exist at the time the complaint is filed.' " (quoting Rittner v. Kinder, 290 F. App'x 796, 797 (6th Cir. 2008)). "Courts may *sua sponte* apply the three-strikes rule…and take judicial notice of a plaintiff's prior dismissals." *White v. Sturm*, 737 F. Supp.3d 576, 578 (E.D. Mich. 2024) (citations omitted).

McGore is a frequent litigant with a history of meritless filings. He has had more than three civil rights cases dismissed as frivolous, malicious, or for failure to state a claim. *See McGore v. Hudson*, No. 1:98-cv-10080 (E.D. Mich. June 2, 1998); *McGore v. Hunter*, No. 2:96- cv-74326 (E.D. Mich. Oct. 15, 1996); *McGore v. Hunter*, No. 2:96-cv-74327 (E.D. Mich. Feb. 10, 1997); *McGore v. Jones*, No. 2:96-cv-74614 (E.D. Mich. Nov. 8, 1996); *McGore v. Mich. Supreme Court Judges*, No. 1:94-cv-517, 1995 U.S. App. 3 LEXIS 35444; *McGore v. Nardi*, No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993). McGore is well aware that he has accumulated "three strikes" under 28 U.S.C. § 1915(g) because he has been denied leave to proceed *in forma pauperis* on that basis many times. *See McGore v. United States Supreme Court Justices*, No. 2:19-cv-244, 2019 WL 6799099 at *2, 2019 U.S. Dist. LEXIS 214825 at *4 (W.D. Mich. Dec. 13, 2019) (stating that "Plaintiff

previously has been denied leave to proceed *in forma pauperis* on more than 50 occasions for having three strikes").

McGore, therefore, cannot proceed *in forma pauperis* unless he satisfies the imminent danger exception to the three strikes rule. McGore does not allege any facts to suggest that he is in imminent danger of serious physical harm. He references an imminent danger several times throughout his complaint, but the alleged danger concerns the risk of financial loss, not physical danger. The statute does not provide an exception to the three strikes rule for monetary loss. Accordingly, McGore may not proceed *in forma pauperis*.

### III. Conclusion

McGore has filed at least three previous lawsuits that were dismissed as frivolous or for failure to state a claim, and his claim of imminent financial loss is insufficient to invoke the exception set forth in 28 U.S.C. § 1915(g).

Accordingly, the Court **DENIES** McGore leave to proceed without prepayment of fees or costs and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with full payment of required filing and administrative fees.

Further, the Court concludes that it has properly applied the "three strikes" rule of 28 U.S.C. § 1915(g) such that an appeal from this ruling would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). This case is closed.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: January 30, 2026